NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4089-15T2

RUCKSAPOL JIWUNGKUL,
AS EXECUTOR OF THE
ESTATE OF MAURICE R.
CONNOLLY, JR.,

     Plaintiff-Appellant,

v.

DIRECTOR, DIVISION OF
TAXATION,

     Defendant-Respondent.

_____

> **APPROVED FOR PUBLICATION**
>
> **May 30, 2017**
>
> **APPELLATE DIVISION**

Argued May 9, 2017 — Decided May 30, 2017

Before Judges Messano, Espinosa and Grall.

On appeal from the Tax Court of New Jersey,
Docket No. 9346-2015.

Robyne D. LaGrotta argued the cause for
appellant.

Heather Lynn Anderson, Deputy Attorney
General, argued the cause for respondent
(Christopher S. Porrino, Attorney General,
attorney; Melissa H. Raksa, Assistant
Attorney General, of counsel; Ms. Anderson,
on the brief).

The opinion of the court was delivered by

ESPINOSA, J.A.D.

Plaintiff Rucksapol Jiwungkul and Maurice R. Connolly, Jr. registered as domestic partners pursuant to the Domestic Partnership Act (DPA), N.J.S.A. 26:8A-2(d) on July 10, 2004. They chose not to enter into a civil union and, sadly, Connolly died shortly before they were to marry.

Plaintiff appeals from a decision of the Tax Court that affirmed the denial of his request for a refund of inheritance tax paid on behalf of Connolly's estate. Plaintiff argues the trial court erred because the DPA violates the equal protection guarantee of the New Jersey Constitution, Art. I, Para. 1, and there is no rational basis for the marital deduction to be different under the New Jersey Inheritance Tax Law and the New Jersey Estate Law. We affirm, substantially for the reasons set forth in the cogent and comprehensive written opinion of Judge Patrick DeAlmeida, P.J.T.C., Jiwungkul, as Executor of the Estate of Michael R. Connolly, Jr. v. Director, Division of Taxation, Docket No. 009346-2015 (May 11, 2016).

In enacting the DPA, the Legislature expressed its intent "that certain rights and benefits should be made available to individuals participating in [domestic partnerships], including: . . . certain tax-related benefits." N.J.S.A. 26:8A-2(c). The tax-related benefits the Legislature stated domestic partners "should be entitled to" were identified as "an additional

exemption from the personal income tax and the transfer inheritance tax on the same basis as a spouse." N.J.S.A. 26:8A-2(d).

In Lewis v. Harris, 188 N.J. 415 (2006), the Court stated:

> To comply with the equal protection guarantee of Article I, Paragraph 1 of the New Jersey Constitution, the State must provide to committed same-sex couples, on equal terms, the full rights and benefits enjoyed by heterosexual married couples. The State can fulfill that constitutional requirement in one of two ways. It can either amend the marriage statutes to include same-sex couples or enact a parallel statutory structure by another name, in which same-sex couples would not only enjoy the rights and benefits, but also bear the burdens and obligations of civil marriage. If the State proceeds with a parallel scheme, it cannot make entry into a same-sex civil union any more difficult than it is for heterosexual couples to enter the state of marriage.
>
> [Id. at 463.]

The legislative response was to enact the Civil Union Act, N.J.S.A. 37:1-28 to -36, which established "civil unions" that were "meant to guarantee the rights and benefits of marriage, but [did] not allow same-sex partners to 'marry.'" Garden State Equality v. Dow, 216 N.J. 314, 318 (2013) (citing N.J.S.A. 37:1-28, -33). After establishing civil unions, the Legislature effectively terminated the registration of new domestic partnerships and stated the new statute "shall not alter the

rights and responsibilities of domestic partnerships existing before the effective date of this act." N.J.S.A. 26:8A-4.1.

Plaintiff filed New Jersey tax returns on behalf of Connolly's estate that were consistent with their status as domestic partners. He claimed the spousal exemption allowed for domestic partners under the New Jersey Inheritance Tax, N.J.S.A. 54:34-2(a)(1), and paid $6,000 in inheritance tax. Because no spousal deduction was permitted for domestic partners under the New Jersey Estate Tax, N.J.S.A. 54:38-1 to -16, he did not claim such a deduction and paid $101,040.72 in estate tax.

Approximately two months later, plaintiff filed an amended estate tax return in which he claimed a marital deduction for all property passing to him from Connolly and a concomitant refund of $101,040.72. Although the marital deduction he sought was not authorized under the DPA, it was available prior to Connolly's death to members of a civil union. N.J.S.A. 37:1-32(n); N.J.A.C. 18:26-3A.8(e). Plaintiff's request for a refund was denied by the Division of Taxation with the explanation, "Please be advised that a Domestic Partner receives the Class A exemption for Inheritance Tax purposes however, a Domestic Partner does not receive the Marital Deduction for Estate Tax purposes."

Plaintiff then filed a complaint in the Tax Court, contending the denial of his request violated the DPA and the Supreme Court's holding in Lewis, and moved for summary judgment. The Division of Taxation cross-moved for summary judgment. Judge DeAlmeida affirmed the denial of refund, granting the Division's cross-motion and denying plaintiff's motion.

In his opinion, Judge DeAlmeida identified the "central question" as "whether the [DPA] provides that a surviving same-sex registered domestic partner is to be treated as a surviving spouse for purposes of calculating the New Jersey estate tax." Jiwungkul, supra, slip op. at 1-2. He reviewed the evolution in recognizing the rights of same-sex couples in the courts and in legislation, the differences in the transfer inheritance tax and the estate tax and the fact that, after passage of the DPA, the Legislature amended four specific statutory provisions to apply certain tax benefits — not including the estate tax -- to same-sex registered domestic partners. Id. at 4-10, 14. Judge DeAlmeida stated, "Only extraordinary circumstances would warrant a court engrafting into the DPA a tax benefit not mentioned in the statute." Id. at 18. Such circumstances would exist when a couple was "unable to enter into a marriage or other State-sanctioned relationship affording them a tax benefit

available to married couples." <u>Id.</u> at 19.  Judge DeAlmeida noted that "crucial fact" was absent here.  <u>Ibid.</u>  He observed further that in deciding <u>Lewis</u>, the Supreme Court identified a remedy to satisfy the constitutional infirmity rather than hold the DPA should be construed to afford all the rights of marriage to registered domestic partners.  <u>Ibid.</u>  We agree with Judge DeAlmeida that the DPA should be applied as written and that, because same-sex couples can access all the rights and benefits of marriage through marriage or civil unions, there is no constitutional violation.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION